73 F.3d 358
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Douglas B. SEIBERT, Plaintiff-Appellant,
v.
John M. BARHAM; Yvonne Joyner; W.A. Griggs, Defendants-Appellees.
 No. 94-6764.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 13, 1994.
Decided Dec. 7, 1995.
 
 Douglas B. Seibert, Appellant Pro Se.
 Before WILKINSON, WILKINS, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Douglas B. Seibert appeals from the district court's dismissal without prejudice of his complaint filed pursuant to 42 U.S.C. Sec. 1983 (1988). We find that the district court properly dismissed the complaint. However, we also find that the district court lacked jurisdiction to order that Seibert may not proceed in forma pauperis if he refiles his claims. Consequently, we affirm the district court's dismissal without prejudice of the complaint but modify the order by striking the portion that bars Seibert from proceeding in forma pauperis if he refiles his claims.
 
 
 2
 Seibert filed a complaint pursuant to Sec. 1983 and alleged that the Defendants confiscated a book, a magazine, and a sweatshirt from him after a shakedown inspection by the Defendants. Seibert also claimed that Defendant Joyner made him move from where he was reading the newspaper so she could dispense medication to other prisoners, threatened him for no reason, and limited the number of books he could take from the library to the number of books he returned. Finally, Seibert alleged that Defendant Griggs placed him in isolation for five days without privileges for possessing the sweatshirt and that Defendant Barham invaded his privacy when he conducted a shakedown of Seibert's cell, scattered his legal papers, and left them in plain view of other inmates. The district court concluded that Seibert's claims were legally frivolous and dismissed the action without prejudice. The court also held that if Seibert refiled the action, he could not proceed in forma pauperis. Seibert timely appealed.
 
 
 3
 A district court has broad discretion to dismiss a complaint without issuance of process when the record reveals that the action is "frivolous or malicious" within the meaning of Sec. 1915(d). See White v. White, 886 F.2d 721, 722 (4th Cir.1989). An action is frivolous or malicious if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Neitzke v. Williams, 490 U.S. 319, 327 (1989). On appeal, this court reviews a Sec. 1915(d) dismissal for abuse of discretion. Denton, 504 U.S. at 33. In this case, the district court properly concluded that Seibert's claims were without merit.
 
 
 4
 In its order dismissing without prejudice Seibert's complaint, the district court stated that Seibert would not be able to proceed in forma pauperis if he chose to refile his claims. Because the district court is empowered only to rule on cases currently before it, the court exceeded its authority by denying Seibert in forma pauperis status in subsequent actions. See North Carolina v. Rice, 404 U.S. 244, 246 (1971); Maritime Overseas Corp. v. NLRB, 955 F.2d 212, 223 (4th Cir.1992).
 
 
 5
 For these reasons, we affirm the district court's order dismissing without prejudice Seibert's complaint but modify it to strike the portion of the order barring Seibert from proceeding in forma pauperis if he refiles his action. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED AS MODIFIED